**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Steven Russo,<br><br>    Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A.,<br><br>1680 Capital One Drive<br>McLean, VA 22102-3491<br><br>    Defendant. | **Civil Action No. _____** |

**COMPLAINT**

NOW COMES, Plaintiff, Steven Russo ("Plaintiff"), through his attorneys, and hereby alleges the following against Defendant, Capital One Bank (USA), N.A. ("Defendant"):

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

2. The TCPA was legislated to prevent companies like Capital One Bank (USA), N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply

stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C § 1391(b)(1) because Defendant has its principal place of business in McLean, Virginia.

## PARTIES

5. Plaintiff is a natural person residing in Cheshire County, in the city of Winchester, New Hampshire and is otherwise *sui juris*. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

6. Defendant is a nationally chartered bank with its principal place of business in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed calls to Plaintiff pertaining alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (413) XXX-3634

10. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (800) 955-6600.

11. On information and belief based on the timing, frequency and volume of calls, consistent with Defendant's prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Steven Russo. The automated dialer used by Defendant placed calls to Plaintiff without human intervention.

13. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On or about July 18, 2018, the Plaintiff called Defendant's company at phone number (800) 955-6600, spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone.

17. During the conversation on July 18, 2018, Plaintiff gave Defendant his birthdate, phone number and social security number to assist Defendant in identifying him and accessing his account before asking Defendant to stop calling his cellular phone.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative July 18, 2018.

19. Despite Plaintiff's request to cease, Defendant continued to place automated calls to Plaintiff's cellular phone after July 18, 2018.

20. Defendant continued to place automated calls to Plaintiff at least through November 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred seven (107) automated calls to Plaintiff's cellular phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Steven Russo, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., for the following:

## FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (107); $53,500.00;

31. Actual damages and compensatory damages according to proof at time of trial.

## SECOND CAUSE OF ACTION

32. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (107); $160,500.00;

33. Actual damages and compensatory damages according to proof at time of trial.

## ON ALL CAUSES OF ACTION

34. Litigation costs and reasonable attorneys' fees;

35. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated: January 28, 2019.

RESPECTFULLY SUBMITTED,

By:   /s/Alexis A. Kokkinos, Virginia Bar No. 87262
Attorney for Plaintiff
Attorney at Law
360 W. Ocean Blvd, #302
Long Beach, CA 90802
t: (562) 354-3053
f: (866) 219-5310
e: alexiskokkinosesq@gmail.com

- 6 -

                    *Pro Hac Vice* Application to follow:
By:   **/s/ Carlos C. Alsina Batista**
       Carlos C. Alsina
       Attorney for Plaintiff
       *LAW OFFICES OF JEFFREY LOHMAN, P.C.*
       4740 Green River Rd., Ste. 310
       Corona, CA 92880
       T: (657) 363-3331
       F: (657) 246-1311
       E: CarlosA@jlohman.com